1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8   EDWARD LEE SULLIVAN,                    No. C 12-970 SI (pr)

9            Plaintiff,                     **ORDER OF DISMISSAL**

10        v.

11  ALAMEDA COUNTY SHERIFF'S
    DEPT.; et al.,
12
             Defendants.
13                                    /

14
                          **INTRODUCTION**
15
16        Edward Lee Sullivan, currently an inmate at the Alameda County Jail's Glenn Dyer

17  Detention Center, filed a pro se civil rights complaint under 42 U.S.C. § 1983. His complaint

18  is now before the court for review under 28 U.S.C. § 1915A.

19
                          **BACKGROUND**
20
21        Sullivan is a defendant in the federal criminal case of *United States v. Sullivan*, N. D. Cal.

22  No. CR-09-167 DLJ. Following a bench trial, a guilty verdict was entered on February 25,

23  2011. Findings of fact and conclusions of law were filed on April 5, 2011. The judgment was

24  imposed on March 23, 2012. The judgment stated that Sullivan "was found guilty" on counts

25  1 and 2, and "is adjudicated guilty" of production of child pornography and possession of child

26  pornography. Docket # 199 in Case No. CR-09-167 DLJ. Sullivan was sentenced to a lengthy

27  prison term. *See id.* at 2. (Sullivan does not allege any of the foregoing in his civil rights

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1 complaint, but it is necessary to understand these facts to analyze his civil rights complaint.)

2 In the present action, Sullivan complains that various defendants are responsible for

3 interfering with his efforts to represent himself in the federal criminal case against him.

4 Sullivan alleges that he was in custody pursuant to an order of the federal court, which had

5 contracted with the Alameda County Sheriff's Department to house certain federal detainees at

6 the Glenn Dyer Detention Center.  He further alleges that he represented himself in the federal

7 criminal case after invoking his Sixth Amendment right to self-representation under *Faretta v.*

8 *California*, 422 U.S. 806, 832 (1975).    Sullivan alleges:

9         The comprehensive and continuous actions of the defendants of this action have served
         over the period since the initial grant of pro se status to completely frustrate, obstruct, and
10        render entirely ineffective the numerous orders of [the federal] court, contemplated to
         confer the constitutional right of self-representation, and hereby essentially degrading the
11        overall effectiveness of Sullivan's attempt to mount a defense.

12 Complaint, p. 4.  He alleges elsewhere in his complaint that his "objectives" in this action are

13 to demonstrate that the acts and omissions of the defendants "resulted in the denial of the right

14 to defend and represent the interests of the plaintiff in his related criminal proceeding, and thus

15 form the basis for a new trial."  *Id.* at 5.  He seeks damages and apparently a new criminal trial.

16

17                                        **DISCUSSION**

18        A federal court must engage in a preliminary screening of any case in which a prisoner

19 seeks redress from a governmental entity or officer or employee of a governmental entity.  See

20 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss

21 any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

22 or seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).

23 *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d

24 696, 699 (9th Cir. 1990).

25        The *Heck* rule generally precludes a plaintiff from obtaining damages in a § 1983 action

26 for alleged constitutional violations in connection with his criminal trial as long as the conviction

27 remains in place.  *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a

28 civil rights action for damages for a wrongful conviction or imprisonment, or for other harm

**United States District Court**
For the Northern District of California

1  caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that

2  conviction or sentence already has been determined to be wrongful. *See id.* at 486-87.  A

3  conviction or sentence may be determined to be wrongful by, for example, being reversed on

4  appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.*

5  The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly

6  challenge the conviction or other decision -- would imply that the conviction or other decision

7  was invalid.  The practical importance of this rule is that a plaintiff cannot attack his conviction

8  *in* a civil rights action for damages; the decision must have been successfully attacked *before* the

9  civil rights action for damages is filed.  The *Heck* rule was first announced with respect to an

10  action for damages, but the Supreme Court has since applied the rule to an action that sought

11  declaratory relief as well as damages. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  That

12  *Heck* applies to both damages and equitable relief was further clarified in *Wilkinson v. Dotson*,

13  544 U.S. 74, 81-82 (2005).  Whether the *Heck* rule applies requires one to consider whether

14  success in the § 1983 action would "necessarily demonstrate the invalidity of the confinement

15  or its duration."  *Id.* at 82.  If so, the § 1983 action is barred no matter the relief sought (i.e.,

16  damages or equitable relief) as long as the conviction has not been set aside.

17  Sullivan claims that defendants interfered with his efforts to represent himself in

18  connection with his criminal trial.  His Sixth Amendment rights allegedly were violated by

19  defendants.  Sullivan's claims are squarely within the *Heck* rule because success on them would

20  call into question the validity of his conviction that is now in place, assuming arguendo they are

21  cognizable at all, *but see United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982) (making

22  legal assistance available at government expense, if required, provides a constitutionally

23  permissible means of access to the court).

24  An issue exists as to whether the proper order is an order of dismissal or an order to stay

25  the action.  The *Heck* rule bars an action only if there is an existing conviction and does not bar

26  "an action which would impugn *an anticipated future conviction.*"  *See Wallace v. Kato*, 549

27  U.S. 384, 393 (2007).  Nonetheless, the claim should not go forward if the plaintiff's criminal

28  proceedings are still pending; rather, the court can "stay the civil action until the criminal case

**United States District Court**
For the Northern District of California

1    or the likelihood of a criminal case is ended." *See id.*   That is, the case should be dismissed if

2    the conviction has occurred but should be stayed if the conviction has not occurred. The

3    conviction referred to in *Wallace v. Kato* means the guilty verdict rather than the pronouncement

4    of sentence, as evidenced by the fact that the Court identified the date of conviction as April 19,

5    1996, *see id.* at 394, and the lower court opinion identified that as the date when "after a bench

6    trial, Wallace was found guilty," *Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006).

7    Here, Sullivan's conviction occurred upon the entry of the guilty verdict (which happened

8    months before he filed this action), rather than at the time of sentencing and entry of the

9    judgment (which happened a month after he filed this action). The appropriate order because

10    of the *Heck* problem is an order of dismissal.

11

12                                  **CONCLUSION**

13         For the foregoing reasons, this action is DISMISSED without prejudice to plaintiff filing

14    a new action if his criminal conviction is ever set aside. The clerk shall close the file.

15         IT IS SO ORDERED.

16    Dated: May 3, 2012                    _____

17                               SUSAN ILLSTON
                              United States District Judge

18

19

20

21

22

23

24

25

26

27

28